ORLANDO F. CABANDAY (SBN 168131)
orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21221 S. Western Avenue, Suite 208
Torrance, CA 90501
T: 310.997.2558
F: 310.984.1735

Attorneys for Plaintiffs
  **Marco and Edna Grace Cubillos
  doing business as ORIGIN Clothing
  Los Angeles**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**MARCO CUBILLOS**, an individual; and **EDNA GRACE CUBILLOS**, an individual, **DOING BUSINESS AS ORIGIN CLOTHING LOS ANGELES,**

                                    Plaintiff

    vs.

**ORIGIN BJJ, LLC.** a Maine corporation, limited liability corporation; and DOES 1 through 10, inclusive,

                                    Defendants

CASE NO.:

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a);**

**(2) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**

**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ*; AND**

**(4) COMMON LAW TRADEMARK INFRINGEMENT**

**INJUNCTIVE RELIEF DEMANDED**

**DEMAND FOR JURY TRIAL**

Plaintiffs Marco and Edna Grace Cubillos, doing business as ORIGIN Clothing Los Angeles (together "Plaintiffs"), complain and allege as follows:

**PARTIES**

1.    Plaintiff Marco Cubillos is an individual residing in Los Angeles County, California.

2.    Plaintiff Edna Grace Cubillos is an individual residing in Los Angeles County, California.   Marco and Edna Grace are husband and wife and operate a business operating under the fictitious business name ORIGIN Clothing Los Angeles, with its principal place of business in Los Angeles County.

3.    Based on information and belief, Plaintiffs allege that Defendant Origin BJJ, LLC is a Maine corporation with operations throughout the United States, including Los Angeles.

4.    Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names DOES 1 through 10.   On information and belief, DOES 1 through 10 are unlawfully and unfairly using, without authorization, Plaintiff's trademark and trade name, and confusingly similar variations thereof, in connection with the selling of cycling clothing throughout the Untied States.   Plaintiff will amend its Complaint to identify the names of the DOE defendants as they are discovered.

**JURISDICTION AND VENUE**

5.    Plaintiffs file this action against Defendants for trademark infringement, unfair competition, and other violations under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and for related claims of trademark infringement, unfair competition, and other causes of action under the statutory and

common law of the United States and the state of California.

6. This Court has subject matter jurisdiction over all claims presented in this Complaint.

7. Specifically, this Court has subject matter jurisdiction over the Federal claims pursuant to, among other sources, 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases), and 15 U.S.C. §§ 1114 *et seq*. (the Lanham Act).

8. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the state of California pursuant to, among other sources, 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.  Jurisdiction over Plaintiff's state law claims also exists pursuant to 28 U.S.C. § 1338(b) (cases involving unfair competition claims).

9. The Court also has diversity subject matter jurisdiction based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendants because each of them does business within this judicial district; because each of them is actively conducting business in California and otherwise purposefully availing themselves of benefits and protections of California law; and because the complained-of acts giving rise to Plaintiff's claims occurred in California in this judicial district.

11. Venue is proper in this judicial district.  Pursuant to 28 U.S.C. §§ 1391(b) and (c), in specific relation to the causes of action set forth herein, Defendants are transacting business and causing harm to Plaintiff in this district.  Moreover, a

substantial portion of the complained-of events and wrongful acts occurred in this district, and Plaintiff's claims therefore arose in this district.

## OVERVIEW OF PLAINTIFFS' CLAIM

12.     Plaintiffs hold the Federal Trademark Registration over the mark "ORIGIN" (USPTO TM NO. 88,269,523) for use in the sale of cycling clothing, including shorts, jerseys, socks, gloves and anything related to cycling.  Plaintiffs have sold their clothing under the ORIGIN trademark throughout the United States.

13.     By virtue of the extensive use and promotion over the years, the ORIGIN trademark has developed valuable distinctiveness and secondary meaning in the marketplace.   The name has attained a significant and lasting presence in its marketplace, causing the name to achieve high recognition and value among its customers and other consumers.

14.     Defendants sell clothing and have adopted the ORIGIN trademark to sell their clothing throughout the United States, and have used the ORIGIN trademark in an advertising scheme which is specifically meant to harm the business reputation of Plaintiffs; to diminish the value of the trademark and  infringed upon ORIGIN; and to defraud consumers and other members of the general public who erroneously believe that Defendants are associated with Plaintiffs or are acting on behalf of or in conjunction with Plaintiffs.

15.     By trading upon the goodwill and known mark of Plaintiffs, Defendants are attempting to lure and have lured unsuspecting customers into believing that they are one and the same with Plaintiffs.

16.     Each Defendant has both actual and constructive knowledge of the infringing, fraudulent, and illegal nature of their wrongful acts.

17.     Plaintiffs have not authorized any Defendant to use in any way the ORIGIN trademark.

18.     Defendants' illegal acts have caused and continue to cause irreparable harm to Plaintiffs.

19.     Plaintiffs now bring this action to prevent the further misuse of its trade name and marks by Defendants; to cause Defendants to cease and desist from further defrauding the citizens of California and other members of the public; and to recover damages arising from Defendants' willful and bad-faith acts and other misconduct.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114, 1116 and 117)

20.     Plaintiffs reallege and incorporate into this count by reference the allegations contained in paragraphs 1 through 20 above as if those allegations were again set forth in full. This cause of action arises under §§ 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116 and 1117).

21.     Defendants' unauthorized use and threatened continued use of the ORIGIN trademark is likely to result in, and has in fact resulted in, confusion, deception, and/or mistake by Plaintiffs' customers and by other members of the general public.

22.     Defendants' unauthorized use and threatened continued use in commerce of ORIGIN trademark has caused actual confusion by customers and other members of the general public.

23.     Defendants have used and are continuing to use the ORIGIN trademark with full knowledge of Plaintiffs' first and prior use and extensive rights in that name

and with a bad faith intent and purpose to trade upon the goodwill of Plaintiffs' trade names.

24.     Defendants' infringement is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Plaintiffs' trade name and an exceptional case within the meaning of the Lanham Act § 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

25.     As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

26.     As a result of Defendants' acts, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages. Plaintiffs have no adequate remedy at law.  Unless immediately enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

**SECOND CAUSE OF ACTION**

**UNFAIR COMPETITION AND FALSE**

**DESIGNATION OF ORIGIN (FEDERAL LAW) 15 U.S.C. § 1125(a))**

27.     Plaintiffs reallege and incorporate into this count by reference the allegations contained in paragraphs 1 through 27 above as if those allegations were again set forth in full.

28.     Defendants have and are engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of

6
COMPLAINT

Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

29.     Defendants have used and are using without authorization a similar and confusing trade name as Plaintiffs.

30.     Based on information and belief, Defendants have made and are making false express and implied representations that their products and services originate with, are associated with, and/or are endorsed or allowed by Plaintiffs in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that, contrary to fact, Defendants' products and services are sponsored by, approved by, or otherwise tolerated by Plaintiffs.

31.     Defendants' unauthorized use in commerce of the similar and confusing trade names constitutes a false designation of origin and a false or misleading representation of fact in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendants and/or their products and services are offered by Plaintiffs or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiffs.

32.     Defendants' unauthorized use in commerce of the similar and confusing trade name in connection with Defendants' marketing, distribution, promotion, and sale to the consuming public of services and goods constitutes a misappropriation of the distinguishing and identifying features that Plaintiffs created through substantial effort and expense.

33.     Defendants' actions constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendants cause to enter into or affect

commerce.

34.     Defendants have used and are continuing to use the infringing similar and confusing trade name with full knowledge of Plaintiff's extensive and longstanding rights in the ORIGIN trade name, and therefore with an intent and bad faith purpose to trade upon the goodwill of the name and mark.

35.     Defendants' infringement is thus willful and deliberate.

36.     Defendants' unauthorized use in commerce of the ORIGIN trademark constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

37.     As a direct and proximate result of Defendant's illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

38.     Defendants' acts have irreparably damaged, impaired, and diluted Plaintiffs' goodwill and good name.  Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.  Plaintiffs have no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiffs further immediate and irreparable damage.

## THIRD CAUSE OF ACTION

## STATUTORY UNFAIR COMPETITION (STATE)

## (California Business and Professions Code § 17200 et seq.)

39.     Plaintiffs reallege and incorporate into this count by reference the allegations contained in paragraphs 1 through 39 above as if those allegations were again set forth in full.

40.     Defendants have used and are using the infringing similar and confusing trade name in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of Defendants' fraudulent activities described above.

41.     Defendants' infringing use creates the unreasonable risk that Plaintiffs customers and other members of the general public may conclude that there exists some affiliation, connection, or association between and among Plaintiff, the Defendants, and the Defendants' massive campaign of fraud.

42.     Defendants' acts have damaged, impaired, and tarnished Plaintiffs' business's goodwill, reputation and name.  The nature, probable tendency, intent, and effect of Defendants' misuse of the ORIGIN trademark are to enable Defendants to deceive the public.

43.     Defendants had actual knowledge of Plaintiffs' rights at the time they decided to imitate Plaintiffs in connection with Defendants' fraudulent activity.  Thus, Defendants willfully and deliberately infringed upon Plaintiffs' rights.

44.     Defendants' unfair business acts and practices are of a recurring nature and are harmful to consumers and the public at large, as well as Plaintiffs.

45.     Defendants' wrongful acts described above were and are undertaken by Defendants intentionally, in bad faith, and with full knowledge of Plaintiffs' rights. Defendants have enjoyed and continue to enjoy the financial and commercial benefits of these wrongful acts.

46.     Defendants' wrongful acts and practices described above violate the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., because

said acts constitute unlawful, unfair, and fraudulent conduct.

47.     Defendants' wrongful advertising described above violates the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., because said advertising constitutes unfair, deceptive, untrue, and misleading and fraudulent conduct.

48.     Defendants' wrongful acts and practices described above are "unlawful" within the meaning of the UCL because said acts and practices are prohibited by the federal and State laws set forth in the various counts in this Complaint, each of which establishes an independently actionable unlawful act or practice.

49.     Defendants' wrongful acts and practices described above are "unfair" within the meaning of the UCL because said acts allow Defendants to benefit unjustly financially and otherwise by virtue of Plaintiffs' goodwill and positive reputation, which Plaintiff has spent substantial amounts of money to build and cultivate.  Any utility of the wrongful acts and practices complained of by Plaintiff is outweighed by the gravity of the resulting harm.  These acts and practices are immoral, unethical, and oppressive.

50.     Defendants' wrongful acts and practices described above are "fraudulent" within the meaning of the UCL because Defendants are willfully and deliberately misleading the public by masquerading as Plaintiff and by otherwise using in commerce reproductions, counterfeits, copies, and/or colorable imitations of the ORIGIN trademark.  This conduct is likely to confuse the public as to whether Defendants' products and services are somehow associated, affiliated, or connected

with Plaintiff's products, or vice versa.

51.    Defendants' wrongful advertising described above is "unfair" within the meaning of the UCL because said advertising allows Defendants to benefit unjustly financially and otherwise by virtue of Plaintiffs' goodwill and positive reputation, which Plaintiffs have spent substantial money on to build and cultivate.

52.    Defendants' wrongful advertising described above is "deceptive" within the meaning of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of the ORIGIN trademark.  This conduct is likely to confuse the public as to whether Defendants' products and services are somehow associated, affiliated, or connected with Plaintiff's products, or vice versa.

53.    Defendants' wrongful advertising described above is "untrue" within the meaning of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of the ORIGIN trademark.   This conduct is likely to confuse the public as to whether Defendants' products and services are somehow associated, affiliated, or connected with Plaintiff's products, or vice versa.

54.    Defendants' wrongful advertising described above is "misleading" within the meaning of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of the ORIGIN trademark.   This conduct is likely to confuse the public as to whether Defendants' products and services are somehow associated, affiliated, or

connected with Plaintiffs' products, or vice versa.

55.     As a result of Defendants' illegal acts, Plaintiffs are entitled to an order of restitution in the amount of Defendants' ill-gotten gains in an amount to be proven at trial.

56.     As a result of Defendants' acts, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiffs further immediate and irreparable damage.

## FOURTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT (STATE)

57.     Plaintiffs reallege and incorporate into this count by reference the allegations contained in paragraphs 1 through 5 above as if those allegations were again set forth in full.

58.     Plaintiffs own and enjoy common law trademark rights in the United States as to the ORIGIN trademark via first and continuous use of the distinctive ORIGIN trademark.

59.     Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own financial gain.  Plaintiffs have spent a vast amount of time and resources building and cultivating the excellent reputation and goodwill inherent in their trade name.  As a result of these efforts and expenditures by Plaintiffs, Defendants are now being unfairly enriched and are benefiting from the reputation, goodwill, and other intellectual

property rights that rightfully belong to Plaintiffs.

61.    Defendants' unauthorized use has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

62.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

63.    Defendants' acts constitute trademark infringement under California common law.

60.    As a result of Defendants' acts, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiffs further immediate and irreparable damage.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     The Court declare, adjudge, and decree that Defendants' use of a copy, counterfeit, simulation, or colorable imitation of the ORIGIN trademark constitutes a violation of federal and state trademark as well as federal and state unfair competition laws;

2.     A preliminary and permanent injunction enjoining Defendants and any affiliated persons or entities from:

a.    Directly or indirectly using any similar names to the ORIGIN trademark.

b.    Otherwise infringing upon the ORIGIN trademark belonging to Plaintiff;

c.    Using any trademark or trade name which will be likely to tarnish or dilute the business reputation of Plaintiffs or to confuse the public;

**COMPLAINT**

d.     Engaging in any other or further acts of unfair competition against Plaintiffs.

3.     An order directing Defendants to deliver up for destruction all labels, signs, prints, packages, advertisements, letters, documents, and/or other materials in their possession, custody or control that display any mark or trade name that infringes upon those of Plaintiffs;

4.     Special and general damages in an amount to be proved at trial. Including without limitation all profits from the infringing conduct, sales, and revenue derived from Defendants' conduct; or in the alternative and at Plaintiffs' election, statutory damages.

5.     Punitive and exemplary damages;

6.     Reasonable attorney's fees incurred;

7.     Costs of suit incurred;

8.     An award of prejudgment interest as provided by law; and

9.     Such other and further relief as this Court deems just and proper.

Respectfully submitted:

Date: December 12, 2023          **CABANDAY LAW GROUP**

By: *//Orlando F. Cabanday//*
Attorney for Plaintiffs
**MARCO AND EDNA GRACE CUBILLOS DOING BUSINESS AS ORIGIN CLOTHING LOS ANGELES**

1

## **<u>DEMAND FOR JURY</u>**

2

3

Plaintiffs hereby demand a jury trial on all causes of action in this matter.

4

5

Date: December 12, 2023

Respectfully submitted:
**CABANDAY LAW GROUP**

6

7

8

By: _//Orlando F. Cabanday//_

Attorney for Plaintiffs
**MARCO AND EDNA GRACE
CUBILLOS DOING BUSINESS AS
ORIGIN CLOTHING LOS
ANGELES**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**COMPLAINT**